# Immunity of the Counsel to the President from Compelled Congressional Testimony

Executive privilege is assertable in response to a congressional subpoena seeking the testimony of the Counsel to the President because the Counsel serves as one of the President's immediate advisers and is therefore immune from compelled congressional testimony.

September 3, 1996

LETTER OPINION FOR THE COUNSEL TO THE PRESIDENT

You have asked whether it would be consistent with precedent and governing legal principles to assert executive privilege should a subpoena be issued by a congressional committee to you, in your capacity as Counsel to the President, to compel your testimony at a committee hearing concerning the performance of your official duties. We believe that executive privilege would be assertable on the basis that you serve as an immediate adviser to the President and are therefore immune from compelled congressional testimony.

It is the longstanding position of the executive branch that "the President and his immediate advisors are absolutely immune from testimonial compulsion by a Congressional committee." [1] This position is constitutionally based:

> The President is a separate branch of government. He may not compel congressmen to appear before him. As a matter of separation of powers, Congress may not compel him to appear before it. The President's close advisors are an extension of the President. [2]

Accordingly, "[n]ot only can the President invoke executive privilege to protect [his personal staff] from the necessity of answering questions posed by a congres-

---

[1] Memorandum for all Heads of Offices, Divisions, Bureaus, and Boards of the Department of Justice, from John M. Harmon, Acting Assistant Attorney General, Office of Legal Counsel, *Re: Executive Privilege* at 5 (May 23, 1977).

[2] Memorandum for Edward C. Schmults, Deputy Attorney General, from Theodore B. Olson, Assistant Attorney General, Office of Legal Counsel at 2 (Jul. 29, 1982) (discussing subpoena for testimony of the Counsel to the President). *See also* Memorandum for the Honorable John W. Dean, III, Counsel to the President, from Roger C. Cramton, Assistant Attorney General, Office of Legal Counsel, *Re: Availability of Executive Privilege Where Congressional Committee Seeks Testimony of Former White House Official on Advice Given President on Official Matters* at 6 (Dec. 21, 1972) (since "[a]n immediate assistant to the President may be said to serve as his alter ego . . . the same considerations that were persuasive to former President Truman [when he declined to comply with a congressional subpoena for his testimony] would apply to justify a refusal to appear by . . . a former staff member"); Letter for Senator Orrin G. Hatch, Chairman, United States Senate, Committee on Labor and Human Resources and Senator Edward M. Kennedy, Ranking Minority Member, United States Senate, Committee on Labor and Human Resources, from Edward C. Schmults, Deputy Attorney General at 2 (Apr. 19, 1983) ("[O]ur concern regarding your desire for the sworn testimony of [the Counsel to the President] is based upon important principles relative to the powers, duties and prerogatives of the Presidency We share with previous Presidents and their advisers serious reservations regarding the implications for established constitutional doctrines arising from the separation of powers of a Congressional demand for the sworn testimony of close presidential advisers on the White House staff.").

sional committee, but he can also direct them not even to appear before the committee."[3]

An often-quoted statement of this position is contained in an opinion by Assistant Attorney General William Rehnquist:

> The President and his immediate advisers — that is, those who customarily meet with the President on a regular or frequent basis — should be deemed absolutely immune from testimonial compulsion by a congressional committee. They not only may not be examined with respect to their official duties, but they may not even be compelled to appear before a congressional committee.[4]

There is no question that the Counsel to the President falls within Assistant Attorney General Rehnquist's description of the type of Presidential advisers who are immune from testimonial compulsion.

CHRISTOPHER H. SCHROEDER
*Acting Assistant Attorney General*
*Office of Legal Counsel*

---

[3] Memorandum for Margaret McKenna, Deputy Counsel to the President, from John M. Harmon, Assistant Attorney General, Office of Legal Counsel, *Re: Dual-purpose Presidential Advisers*, Appendix at 7 (Aug. 11, 1977).

[4] Memorandum for the Honorable John D. Ehrlichman, Assistant to the President for Domestic Affairs, from William H. Rehnquist, Assistant Attorney General, Office of Legal Counsel, *Re: Power of Congressional Committee to Compel Appearance or Testimony of "White House Staff"* at 7 (Feb. 5, 1971).